**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**MICHAEL A. SHIPP**
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER COURTHOUSE
402 EAST STATE ST., ROOM 7000
TRENTON, NJ 08608
609-989-2009

**Not for Publication**

LETTER OPINION

September 30, 2013

**VIA CM/ECF**
All counsel of record

    Re:    **Charles Hammer v. Vital Pharmaceuticals, et al.**
             **Civil Action No. 11-4124 (MAS) (DEA)**

Dear Counsel:

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Vital Pharmaceuticals, Inc. ("Defendant"). (Def.'s Mot., ECF No. 43; Def.'s Moving Br., ECF No. 43-1.) Plaintiff Charles Hammer ("Plaintiff") filed Opposition to the motion. (Pl.'s Opp'n, ECF No. 44.) Defendant filed a Reply. (Def.'s Reply, ECF No. 45.) The Court has carefully considered the pleadings and has decided the motion without oral argument pursuant to Local Civil Rule 78.1. After careful consideration, and for the reasons set forth below, Defendant's motion is granted in part, denied in part, and denied without prejudice in part.

**I.**    **Background**

On March 26, 2012, the Honorable Freda L. Wolfson, U.S.D.J., issued an Opinion on Defendant's first motion to dismiss the case. (March 26 Op., ECF No. 19.) The Opinion granted Defendant's motion and provided Plaintiff leave to amend. Plaintiff subsequently filed an Amended

Complaint. (ECF No. 22.) On January 30, 2013, the Court denied without prejudice Defendant's motion to dismiss the amended complaint and granted Plaintiff leave to file a second amended complaint. (ECF No. 38.) Plaintiff filed his Second Amended Complaint ("SAC") on February 5, 2013. (ECF No. 42.)

The issues reflected in the present motion directly relate to the Court's March 26 Opinion. In light of the comprehensive background and extensive analysis contained in the March 26 Opinion, this Letter Opinion and Order will simply list the claims in dispute and provide an abbreviated analysis.[1]

## II. Discussion

### A. NJCFA and Fraud Claims (Counts I & II)

In its March 26 Opinion, the Court found that Plaintiff's allegations that Defendant affirmatively misrepresented Clenbutrx as a "dietary supplement," because the product does not contain "only dietary ingredients," fell short of stating a viable claim. Plaintiff's Second Amended Complaint does not satisfy this deficiency. As outlined in the March 26 Opinion, the definition of "dietary supplement" includes products that contain "one or more" dietary ingredients. (March 26 Op. 9.) Because Plaintiff fails to allege that none of the ingredients in Clenbutrx are dietary, the Court dismisses with prejudice the fraud claims with respect to the allegations that Defendant misrepresented Clenbutrx as a dietary supplement. The Court, however, denies Defendant's motion

---

[1] The law of the case doctrine recognizes that "as a matter of comity a successor judge should not lightly overturn decisions of his predecessors in a given case." *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994). "The law of the case operates only to limit reconsideration of the same issue." *Id.* However, "there may be exceptional circumstances under which the rule is not to be applied." *TCF Film Corp. v. Gourley*, 240 F.2d 711, 714 (3d Cir. 1957). "Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982). "The purpose of this rule is to preserve the orderly functioning of the judicial process." *Id.* at 168 (internal quotation and citation omitted).

2

with respect to Plaintiff's separate, alternative allegation that Defendant misrepresented and continues to misrepresent that the Geranamine (or "DMAA") contained in Clenbutrx is a natural constituent of Geranium Oil.

In order to survive a motion to dismiss, a valid NJCFA claim must adequately allege: (1) an unlawful practice by the defendants; (2) an ascertainable loss by plaintiff; and (3) a causal nexus between the first two elements. Here, Plaintiff alleges that Geranamine is not a constituent of Geranium Oil despite a contrary indication on the Clenbutrx packaging. The specific alleged misrepresentation, ascertainable loss measured by the value paid for the product, and causation allegations are sufficient to survive Defendant's Motion to Dismiss. Thus, Defendant's Motion to Dismiss is denied as it relates to the allegation that Defendant misrepresented DMAA as a constituent of Geranium Oil.[2]

### B. Unjust Enrichment Claim (Count III)

In the March 26 Opinion, the Court noted that unjust enrichment requires a direct relationship between the parties. (Mar. 26 Op. 17-18.) The Court then dismissed the unjust enrichment claim because Plaintiff did not allege where he purchased the Clenbutrx. (*Id.* at 18.) Plaintiff's Second Amended Complaint alleges that Plaintiff purchased the Clenbutrx from a third party retailer. (SAC ¶ 28.) However, Plaintiff withdrew his unjust enrichment claim in his opposition brief. (Pl.'s Opp'n Br. 1.) As such, Plaintiff's unjust enrichment claim is dismissed with prejudice.

---

[2] The Court previously denied Defendant's motion with respect to Plaintiff's allegations that Defendant inappropriately advertised that its product was "certified by science." As set forth in the March 26 Opinion, "Defendant's use of the term 'certified by science' transforms a subjective statement that might otherwise be considered puffery . . . into something that appears both scientific and measurable" and constitutes an actionable misrepresentation. (Mar. 26 Op. 13.) As such, these allegations also survive Defendant's motion.

3

### C. Breach of Express and Implied Warranties (Counts IV and V)

For the reasons set forth previously, Counts IV and V are dismissed with prejudice as to Plaintiff's allegations that Clenbutrx is not a "dietary supplement" because it does not consist solely of dietary ingredients. The Court, however, denies Defendant's motion with regard to Plaintiff's separate, alternative allegations. Plaintiff's Second Amended Complaint asserts viable claims under Counts IV & V that mislabeling DMAA as a constituent of Geranium Oil constitutes a breach of express and implied warranties.

While the Parties dispute the issue of pre-litigation notice, the Court finds that the allegations in the complaint are sufficient to survive Defendant's motion to dismiss. In *Strzakowlski v. General Motors Corp.*, the Court held that pre-litigation notice was not required as to a "manufacturer who was not the immediate seller of a defective product." No. 04-4740 (JHR), 2005 WL 2001912, at *3 (D.N.J. Nov. 18, 2011). Additionally, the Court established that even if notice were required, filing of a complaint constitutes sufficient notice when the Defendant is a remote manufacturer. *Id.* The court found similarly in *Coyle v. Hornell Brewing Co.*, No. 08-02797 (JBS), 2010 WL 2539386, at *6 (D.N.J. Sept. 22, 2011). As such, the Court finds that the alternative allegations are sufficient to survive Defendant's motion.

### D. Class Allegations

Defendant argues that the particular circumstances that led to Plaintiff's purchase of Clenbutrx make class treatment inappropriate. The Court finds Defendant's motion premature and denies Defendant's motion without prejudice as it relates to the class allegations.

### E. Money Back Guarantee

The Court grants Defendants' motion with respect to the money back guarantee. The Court previously dismissed with prejudice Plaintiff's claims regarding an alleged "money back" guarantee. The Court does not find good cause to revisit or address the renewed arguments.

### III. Conclusion

For the reasons set forth above, and as reflected by the accompanying Order, Defendant's motion is granted with prejudice in part, denied in part, and denied without prejudice in part.

s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE