RECEIVED
MAY 28 2014
AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES HAMMER, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.

VITAL PHARMACEUTICALS, INC.
d/b/a VPX; ABC COs. NOS. 1-100; JOHN
DOEs NOS. 1-100; XYZ COs NOS. 1-100;
Robert ROEs NOS. 1-100; DEFENDANT
COs NOS. 1-100 and JOHN SMITHs NOS.
1-100 (fictitious names),

    Defendants.

Civil Action No.: 11-4124 (MAS)(DEA)

MEMORANDUM OPINION
AND ORDER

    This matter comes before the Court on the Motion of Defendant Vital Pharmaceuticals, Inc. d/b/a VPX/REDLINE ("VPX") to quash the subpoenas issued by Plaintiff Charles Hammer ("Hammer") [dkt. no. 57]. Plaintiff has opposed this Motion [dkt. no. 59]. For the reasons specified below, VPX's Motion is **DENIED**.

    The facts of this dispute are well known to the parties and need not be repeated at length. Briefly, Hammer alleges that VPX has engaged in fraudulent and deceptive marketing of Liquid Clenbutrx Hardcore, a dietary supplement, in violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1. See Plaintiff's Amended Complaint at p. 2, dkt. entry no. 42. On April 15, 2014, Hammer served subpoenas on 128 non-parties. See Def.'s Br. at p. 1, dkt. no. 57. The subpoenas required a response on or around May 10, 2014. Id. The subpoenas requested documents concerning mail and internet sales of Clenbutrx to consumers in New Jersey. Id. Due to an error by Hammer, service of the subpoenas was not preceded by notice to VPX. See Pl.'s Br. at p. 1, dkt. no. 59. Hammer provided VPX with a list of the subpoenaed third parties

1

on April 22, 2014. See Def.'s Br. at p. 1.

Fed. R. Civ. P. 45(a)(4) requires that before a subpoena is served on nonparties, notice and a copy of the subpoena must be served on each party. Inasmuch as Hammer did not adhere to the Rule, VPX argues that the Court should quash the subpoenas and require Hammer to inform each recipient of the pending motion. Although Hammer failed to satisfy a technical aspect of Rule 45(a)(4), VPX has not demonstrated any actual prejudice from the lack of prior notice. District Courts have regularly denied motions to quash based on failure to provide notice in the absence of a demonstration of prejudice to the moving party. See, e.g, Vondersaar v. Starbucks Corp., C 13-80061 SI, 2013 WL 1915746 (N.D. Cal. May 8, 2013) (court declined to quash the subpoena and found no harm occurred from the delay of the notice when the defendants still had ample time to object to the subpoena); Fox Indus., Inc. v. Gurovich, CV03-5166(TCP)(WDW), 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006) (subpoena was not automatically quashed when the opposing party was not prejudiced by lack of timely notice).

The Court finds that VPX suffered no prejudice as a result of Hammer's violation of Fed. R. Civ. P. 45(a)(4). VPX was served notice of the subpoenas shortly after the service of the subpoenas on the recipients and VPX has failed to articulate any prejudice suffered by the one week delay. The production date was set for May 10, 2014, allowing VPX ample time to object to the substance of the subpoenas subpoenas. In addition, the Court declines to quash the subpoenas inasmuch as requiring Hammer to re-serve the subpoenas due to a procedural defect would cause an undue and inefficient delay in the case. Accordingly, VPX's request is **DENIED**.

The Court having considered the papers submitted and the opposition thereto, and for the reasons set forth above;

IT IS on this 28th day of May, 2014,

**ORDERED** that VPX's Motion to Quash Subpoenas is **DENIED**.

s/ Douglas E. Arpert<br>
**DOUGLAS E. ARPERT**<br>
**UNITED STATES MAGISTRATE JUDGE**